UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN GOLDSTINE,<br><br>Defendant. | NO. CR25-082-JHC<br><br><br>**FINAL ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Final Order of Forfeiture (the "Motion") for the following property (the "Subject Property"), which has already been forfeited by Defendant Steven Goldstine:

- Approximately 701 rounds of Winchester 9x19mm ammunition, seized on or about March 17, 2025, from Defendant's residence in Snohomish County, Washington; and

- Approximately three rounds of Hornady 9x19mm ammunition, seized on or about March 17, 2025, from Defendant's residence in Snohomish County, Washington.

Dkt. # 45.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Final Order of Forfeiture is appropriate because:

Final Order of Forfeiture - 1
*United States v. Goldstine,* CR25-082-JHC

- On November 25, 2025, the Court entered a Preliminary Order of Forfeiture finding the Subject Property forfeitable pursuant to 18 U.S.C. § 924(c), by way of 28 U.S.C. 2461(c), as ammunition involved in Defendant's commission of *Unlawful Possession of Ammunition* (Count 2), and forfeiting, to the United States, the Defendant's interest in it (*see* Dkt. No. 31);

- The United States published notice of the pending forfeiture as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b)(6)(C) (*see* Dkt. No. 44), and attempted to provide direct notice, by means reasonably calculated to reach them, to any potential claimants as required by Fed. R. Crim. P. 32.2(b)(6)(A) and Supplemental Rule G(4)(b)(iii)-(v) of the Supplemental Rules for Certain Admiralty and Maritime Claims (*see* Declaration of AUSA Karyn S. Johnson in Support of Motion for a Final Order of Forfeiture, ¶¶ 2-3, Exhibit A); and

- The time period for filing third-party clams has expired, and none were filed.

NOW, THEREFORE, THE COURT ORDERS:

1. No right, title, or interest in the Subject Property exists in any party other than the United States.

2. The Subject Property is fully and finally condemned and forfeited, in its entirety, to the United States; and

///

///

Final Order of Forfeiture - 2
*United States v. Goldstine,* CR25-082-JHC

3.      The United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and/or their representatives, are authorized to dispose of the Subject Property as permitted by governing law.

IT IS SO ORDERED.

DATED this 16th day of March, 2026.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

Final Order of Forfeiture - 3
*United States v. Goldstine,* CR25-082-JHC